NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TERESA MILLER,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2023-1872

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00525-DAT, Judge David A. Tapp.

---

**ON MOTION**

---

Before DYK, BRYSON, and TARANTO, *Circuit Judges.*

PER CURIAM.

## O R D E R

Teresa Miller moves for leave to proceed *in forma pauperis* ("IFP"), ECF Nos. 17 and 18. She also moves "for a stay or injunction in appeal," ECF No. 21, and to allow argument, ECF Nos. 7, 8, and 13. After consideration of the complaint, the judgment of the United States Court of

Federal Claims, Ms. Miller's briefs, and the motions papers, we deny the motions and dismiss the appeal.

Ms. Miller was convicted in the United States District Court for the Northern District of West Virginia of one count of unlawfully possessing a firearm that was uncovered by dog sniff during a traffic stop. *See United States v. Miller*, 54 F.4th 219, 223 (4th Cir. 2022). On appeal, the United States Court of Appeals for the Fourth Circuit vacated her conviction and sentence, holding that the officer who conducted the traffic stop lacked a reasonable, articulable factual basis to extend the traffic stop to conduct the dog sniff. *See id.* The case was ultimately dismissed.

In April 2023, Ms. Miller filed this suit at the Court of Federal Claims seeking $276,715.75 in damages to compensate for her conviction and imprisonment, including for the loss of employment and business revenue and for injuries related to her conviction and the conditions of her incarceration. The Court of Federal Claims granted Ms. Miller's motion for leave to proceed IFP, dismissed the complaint for lack of subject matter jurisdiction, certified under 28 U.S.C. § 1915(a)(3) that any appeal "would not be taken in good faith because, as alleged, [Ms. Miller]'s claims are outside the jurisdiction of this Court and incurable," and directed the Clerk of that court to reject any future submissions in the case unless they comply with the court's rules. ECF No. 19 at Appx4. This appeal followed.

"[T]he court shall dismiss . . . if the court determines that . . . the action or appeal . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). This appeal is frivolous. The Court of Federal Claims was clearly correct to dismiss Ms. Miller's claim for unjust conviction under 28 U.S.C. § 1495 because she failed to plausibly allege that "her conviction has been reversed or set aside on the ground that [s]he is not guilty of the offense of which [s]he was convicted, or on new trial or rehearing [s]he was found not guilty of such offense, as appears from the record or certificate of the court setting

aside or reversing such conviction, or that [s]he has been pardoned," 28 U.S.C. § 2513(a)(1). Moreover, she has not received a certificate required under § 2513(b).* It was also clearly correct that Ms. Miller's claims of emotional distress and other associated harms from when she was incarcerated "sound[] in tort" and thus outside the limited jurisdiction of the Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1); *U.S. Marine, Inc. v. United States*, 722 F.3d 1360, 1372 (Fed. Cir. 2013).

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  All pending motions are denied.

(3)  Each side shall bear its own costs.

FOR THE COURT

December 20, 2023
Date

Jarrett B. Perlow
Clerk of Court

---

\*    We must reject Ms. Miller's request for this court to direct a judge to issue her a certificate of innocence. *See* ECF No. 4 at 2–3. She points to no authority, nor are we aware of any, providing this court with such ability.